Juan Manuel **PUGA–SALDIVAR,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 05–76457.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

Juan Manuel Puga–Saldivar, Mira Loma, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM [**]

Juan Manuel Puga–Saldivar, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We deny the petition for review.

■ We review the decision to deny a continuance for abuse of discretion. *See Nakamoto v. Ashcroft,* 363 F.3d 874, 883 n. 6 (9th Cir.2004). Puga–Saldivar had over a year prior to the hearing to obtain an updated fingerprint check and was warned by the IJ that if he did not obtain an updated fingerprint check his application would be denied. Despite the IJ's instructions, Puga–Saldivar failed to obtain an updated fingerprint check and failed to offer a reasonable explanation for his failing to do so. Under these circumstances, the IJ did not abuse his discretion in denying a continuance.

■ We review for substantial evidence the agency's factual findings concerning whether an applicant is a person of good moral character under 8 U.S.C. § 1101(f). *See Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005). Substantial evidence supports the agency's determination that Puga–Saldivar failed to provide an updated fingerprint check and thereby failed to establish he had not been convicted of certain crimes that would preclude a finding of good moral character. *See* 8 U.S.C. § 1229b(b)(1)(B) (to be eligible for cancellation of removal the applicant must establish good moral character).

Because the moral character determination was dispositive of Puga–Saldivar's eligibility for relief, the BIA did not need to consider whether Puga–Saldivar showed exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1) (to be eligible for cancellation of removal, the applicant must establish continuous physical presence, good moral character and hardship); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that petitioner must show error to prevail on a due process challenge).

### PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

